# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL LOUIS JACKSON, <br><br> Defendant. | No.  16-CR-2057-LTS <br><br> **REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO CONSOLIDATE COUNTS** |

_____

## I.     INTRODUCTION

Before me is defendant's Motion to Consolidate Counts 1 and 2. (Doc. 34). The grand jury returned a three-count indictment against defendant. Count 1 charged him with bank robbery in violation of Title 18, United States Code, Section 2113(a). Count 2 charged defendant with armed bank robbery in violation of Title 18, United States Code, Section 2113(a) & (d). Count 3 charged defendant with using a firearm in a crime of violence, in violation of Title 18, United States Code, Section 924(c). Defendant alleges that Counts 1 & 2 are multiplicitous and should be consolidated for purposes of trial. (Doc. 34). The government concedes Counts 1 and 2 are multiplicitous, but argues that the appropriate remedy is not consolidation of the counts, but, rather, a merging of the counts for purposes of sentencing should a jury find defendant guilty of both counts. (Doc. 35).

For the reasons that follow, I recommend the Court deny defendant's motion to consolidate Counts 1 and 2, but should instruct the jury that Count 1 is a lesser-included offense of Count 2, and properly structure the jury's decision-making in a verdict form.

## II. ANALYSIS

As the Eighth Circuit Court of Appeals in *United States v. Woolsey* explained:

> "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" *United States v. Emly*, 747 F.3d 974, 977 (8th Cir. 2014) (citations omitted). When "an indictment includes more than one count charging the same statutory violation," the court must determine "whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *Id*. (internal quotation marks omitted).

*United States v. Woolsey*, 759 F.3d 905, 907 (8th Cir. 2014). "An indictment is multiplicitous when it charges a single offense in more than one count." *United States v. Robbins*, No. 11-00082-01-CR-W-DGK, 2012 WL 5462935, at *2 (W.D. Mo. Oct. 18, 2012), report and recommendation adopted, No. 11-00082-01-CR-W-DGK, 2012 WL 5462934 (W.D. Mo. Nov. 8, 2012) (internal citations omitted). Multiplicity does not make an indictment inoperative. *See United States v. Johnson*, No. CR-07-50127 AWB, 2008 WL 2845639, (D. S.D. July 18, 2008) (not reported) (holding that multiplicity is non-fatal to an indictment) (citations omitted). The primary danger of a multiplicitous indictment is that it could result in multiple punishments for a single offense. *United States v. Roy*, 408 F.3d 484, 492 (8th Cir. 2005) ("The 'principal danger that the multiplicity doctrine addresses' is the risk that a defendant might receive multiple punishments for a single offense.") (quoting *United States v. Webber*, 255 F.3d 523, 527 (8th Cir. 2001)). A secondary danger of a multiplicitous indictment is that it could "suggest to the jury that the defendant committed more than one crime." *United States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995) (internal quotation marks and citations omitted).

Both parties concur that Counts 1 and 2 are multiplicitous. I agree. In *United States v. Haas*, 599 F. Supp.2d 1061, 1063-64 (N.D. Iowa 2008), this Court found that an indictment was multiplicitous when in Count 1 it charged the defendant with Unlawful

Entry of a Bank in violation of Title 18, United States Code, Section 2113(a), and with Theft of Bank Funds, in violation of Title 18, United States Code, Section 2113(b). The Court found there was no intention by Congress to "pyramid" penalties for committing a typical bank robbery, though the same act may violate more than one subsection of Section 2113. Similarly, in *United States v. Gary*, No. 02-4996, 2004 WL 98641, at *1-2 (4th Cir. Jan. 22, 2004), the court found counts charging violations of Section 2113(a) and 2113(d) multiplicitous. The *Gary* Court noted that "[i]t is well-established that section 2113(a) is a lesser-included offense of § 2113(d)." *Gary*, 2004 WL 98641, at *2 (internal quotation and citation omitted). Indeed, it is. *See, e.g., Green v. United States*, 365 U.S. 301, 303 (1961) (describing Section 2113(a) as "the same offense as § 2113(d) without the elements of aggravation."); *United States v. Porter*, 594 Fed. App'x 585, 587 (11th Cir. 2014) (finding bank robbery under Section 2113(a) is a lesser-included offense of armed bank robbery under Section 2113(d)); *United States v. Duffey*, 456 Fed. App'x 434, 443 (5th Cir. 2012) (same); *United States v. Cobb*, 558 F.2d 486, 488-89 (8th Cir. 1977) (same).

Here, there is no question that Count 1 and Count 2 are multiplicitous, and that Count 1 charging bank robbery under Section 2113(a) is a lesser-included offense of Count 2 charging defendant with armed bank robbery in violation of Section 2113(d). The question, then, is whether consolidation of the counts is appropriate, as urged by defendant, or merger of the counts at the time of sentencing is appropriate, as urged by the government. I find that neither is the appropriate remedy. Rather, the remedy is to instruct the jury that Count 1 is a lesser-included offense of Count 2, and structure the jury's decision-making appropriately in the verdict form.

Defendant cites no authority for the proposition that the Court should consolidate the multiplicitous counts. There is some authority, however, suggesting this could be an option. *See* 1A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 145(stating that a multiplicitous indictment "is not fatal [but that the] Defendant may move to have the prosecution [choose to have the charges] consolidated

3

and all but the one [remaining charge] dismissed" at the discretion of the court). Where a court is presented with a multiplicitous indictment before or during trial, potential prejudice can sometimes be avoided by requiring the prosecution to elect between counts charged rather than merging sentences. *See*, *e.g.*, *United States v. Clarridge*, 811 F. Supp. 697, 702–07 (D. D.C. 1992) (requiring government to elect between multiplicitous counts of false statements and perjury). The reason for keeping unnecessary counts from the jury is that, "[o]nce such a message [of repeated crimes] is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue," and "[c]ompromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pose significant threats to the proper functioning of the jury system." *Id*. at 702 (emphasis added).

Where, as here, one count is a lesser-included offense of the other, however, the appropriate manner of addressing the issue is through jury instructions and a properly drafted verdict form that structures the jury's decision. *See*, *e.g.*, *United States v. Roy*, 408 F. 3d 484, 491 (8th Cir. 2005) (noting that where the government does not "elect between or consolidate the multiplicitous counts, multiplicitous indictments may be saved at the trial stage if the district court submits an appropriate instruction to the jury."); *United States v. Chipps*, 410 F.3d 438, 449 (8th Cir.2005) (the judge instructed the jurors that if "the evidence fails to establish the defendant's guilt beyond a reasonable doubt on an offense charged against him, then the defendant should have your vote for a not guilty verdict on that offense."). In *United States v. Moore*, 149 F.3d 773, 779 (8th Cir. 1998), "the district court submitted the two [multiplicitous] counts together on a single verdict form and instructed the jurors that if they found a defendant guilty of murder in furtherance of a [continuing criminal enterprise], they need not consider the charge of murder while engaged in a marijuana distribution conspiracy." Here, the Court should instruct the jury that if they find the defendant committed the crime of armed bank robbery (the Section 2113(d) offense charged in Count 2), then it need not consider the crime of bank robbery (the Section 2113(a) offense charged in Count 1). The verdict

form should likewise reflect that choice and properly structure the jury's decision-making process.

The government urges that the appropriate remedy is merger of Counts 1 and 2 at the time of sentencing, if the jury finds defendant guilty of both counts. That remedy is appropriate, however, only when the multiplicitous counts are not remedied at the time of trial. *See*, *e.g.*, *United States v. Platter*, 514 F.3d 782, 787 (8th Cir. 2008) ("Eighth Circuit precedent, which provides that the proper remedy when a defendant is convicted of multiplicitous counts is merger of the counts into one count, not a retrial under just one theory of liability"). *See also United States v. Gaddis*, 424 U.S. 544, 547 (1976) (recognizing "merger" of multiplicitous counts after convictions under Sections 2113(a) and (d)). Although merger of counts for purposes of sentencing addresses the "principal danger" posed by multiplicitous counts, it does not address the other dangers posed by multiplicitous counts identified above. Where, as here, the multiplicitous nature of the counts is identified in advance of trial, and one count charges a lesser-included offense of another, the appropriate remedy is to address that issue through jury instructions and a proper verdict form, not by attempting to undo the damage after the fact by merging the counts for sentencing purposes.

### III.    CONCLUSION

For the reasons set forth above, I respectfully recommend the Court **deny** defendant's motion to consolidate Counts 1 and 2 of the Indictment (Doc. 34). Rather, I recommend that at trial the Court instruct the jury that Count 1 is a lesser-included offense of Count 2, and provide the jury with a verdict form that directs the jurors that if they find defendant guilty of Count 2, that they should not return a verdict on Count 1.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of

the record forming the basis for the objections. *See* FED. R. CRIM. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED t**his 24th day of February, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa