# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>DANIEL LOUIS JACKSON,<br><br>   Defendant. | No. CR16-2057-LTS<br><br>**ORDER** |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable C.J. Williams, Chief United States Magistrate Judge, recommends that I deny defendant's motion (Doc. No. 34) to consolidate Counts 1 and 2. *See* Doc. No. 38.

## I.  *BACKGROUND*

On December 14, 2016, the grand jury returned an indictment (Doc. No. 3) against defendant Daniel Louis Jackson (Jackson) charging him with one count of bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1), one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Count 2) and one count of using a firearm during a violent crime in violation of 18 U.S.C. § 924(c)(1) (Count 3).

Jackson filed a motion to consolidate Counts 1 and 2, arguing they are multiplicitous because they are based on the same acts that occurred at the same time. The only exception is that Count 2 requires an assault or placing a person's life in jeopardy by use of a dangerous weapon. The Government filed a resistance (Doc. No. 35) in which it concedes that Counts 1 and 2 are multiplicitous but argues that the appropriate remedy is to merge the counts at sentencing if Jackson is convicted of both counts. *Id*. Judge Williams recommends that Jackson's motion (Doc. No. 34) to

consolidate be denied. Neither party has objected to the R&R. The deadline for such objections has expired.

## II.  STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

> further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because neither party objected to the R&R, I have reviewed it for clear error. As Judge Williams noted in his R&R, "[t]he rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" *United States v. Woolsey*, 759 F.3d 905, 907 (8th Cir. 2014) (quoting *United States v. Emly*, 747 F.3d 974, 977 (8th Cir. 2014)). "An indictment is multiplicitous if it charges the same crime in separate counts." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008) (citing *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005)). "The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment." *Id.* (citing *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir.), *cert. denied*, 543 U.S. 949 and *cert. denied*, 543 U.S. 960).

Judge Williams agreed with the parties that Counts 1 and 2 are multiplicitous. Indeed, he noted it is well-established that a violation of section 2113(a) (bank robbery) is a lesser-included offense of section 2113(d) (armed bank robbery). *See* Doc. No. 38 at 3 (citing, among others, *United States v. Gary*, No. 02-4996, 2004 WL 98641, at *1-2 (4th Cir. Jan. 22, 2004)). Rather than recommending that I consolidate the counts or merge them at the time of sentencing, if necessary, Judge Williams suggested that the appropriate remedy is to "instruct the jury that Count 1 is a lesser-included offense of Count 2, and structure the jury's decision-making appropriately in the verdict form." Doc. No. 38 at 3. Judge Williams cited several Eighth Circuit cases supporting the use of jury instructions, rather than consolidation, to address multiplicitous counts. *See id.* at 4. As for the Government's request to merge Counts 1 and 2 at sentencing if Jackson

is found guilty of both counts, Judge Williams noted that the Eighth Circuit has found this remedy to be appropriate only when the multiplicitous counts were not remedied at the time of trial. *Id.* at 5 (citing, among others, *Platter*, 514 F.3d at 787). Here, Judge Williams reasoned that because the multiplicitous nature of the counts has been identified in advance of trial, and because one count charges a lesser-included offense of another, "the appropriate remedy is to address that issue through jury instructions and a proper verdict form." *Id.*

I find no error, clear or otherwise with regard to Judge Williams' well-reasoned R&R and agree that this situation is best resolved through the use of carefully-crafted jury instructions and verdict form. As such, I adopt the R&R in its entirety.

## IV. CONCLUSION

For the reasons set forth herein, I hereby **accept** Judge Williams' Report and Recommendation (Doc. No. 38) without modification. Defendant's motion (Doc. No. 34) to consolidate is **denied.** In the event this case proceeds to trial, the jury instructions and verdict form will address the fact that Count 1 is a lesser-included offense of Count 2.

**IT IS SO ORDERED.**
**DATED** this 17th day of April, 2017.

_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE