**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DANIEL LOUIS JACKSON, Defendant. | No. CR16-2057-LTS **ORDER** |

This matter is before me on a motion (Doc. No. 140) for judgment of acquittal and conditional motion for a new trial by defendant Daniel Louis Jackson (Jackson). Plaintiff (the Government) has filed a resistance (Doc. No. 141). I find that oral argument is not necessary. See N.D. Ia. L.R. 7(c).

## *I. BACKGROUND*

The superseding indictment (Doc. No. 102) charged Jackson with armed bank robbery and aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2 (Count 1); aiding and abetting the use, carrying and brandishing of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 2); conspiracy to commit armed robbery in violation of 18 U.S.C. § 371 (Count 3); conspiracy to use, carry and brandish a firearm during a crime of violence in violation of 18 U.S.C. § 924(o) (Count 4). The superseding indictment also included a forfeiture allegation concerning the alleged firearm. Doc. No. 102. Trial began on October 10, 2017. During trial, I reserved ruling on Jackson's oral motion and renewed oral motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. On October 12, 2017, the jury returned a verdict (Doc. No. 133) finding Jackson guilty on all four

counts. Jackson filed his motion (Doc. No. 140) for judgment of acquittal and conditional motion for a new trial on October 26, 2017.

## II. DISCUSSION

### A. *Applicable Standards*

#### 1. *Motion for Judgment of Acquittal*

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *See* Fed. R. Crim. P. 29(c). Jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The Government, as the prevailing party, is entitled to have the evidence viewed in the light most favorable to it. *See United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, courts "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). Additionally, courts should not reconsider the credibility of the witnesses, as that is a task for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

#### 2. *Motion for New Trial*

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision to grant or deny a motion for a new trial based upon the weight of the evidence is within the sound discretion of the trial court." *United States v. Knight*, 800 F.3d 491, 504 (8th Cir. 2015) (internal citations omitted). A district court may

"weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). However, the court should grant a new trial only if "the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987). "The standard for granting a motion for new trial is more lenient than for a judgment of acquittal; the court is allowed to vacate any judgment if the interests of justice so require." *United States v. Dean*, 810 F.3d 521, 532 (8th Cir. 2015) (internal citations). However, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

B.   *Analysis*

Jackson argues there was insufficient evidence for a jury to find him guilty of the charges alleged in the superseding indictment. He states that the evidence shows that *someone* robbed the Citizens State Bank in Hopkinton, Iowa with Jason Centeno, but that none of the witnesses were able to identify Jackson as the second back robber. The fact that his vehicle was in Hopkinton on October 21, the day of the robbery, and his DNA was on the zip ties found in the bank is also allegedly insufficient to pinpoint him as the second robber. With regard to the charge of conspiracy to commit robbery, he references his own testimony in which he stated he was not willing to rob the bank or help plan the robbery because he used to live in Hopkinton. He contends his association with Centeno and visit to Wal-Mart with Centeno and Edgar Pauley to purchase zip ties, stocking caps and pantyhose just days before the robbery is not sufficient to establish conspiracy. With regard to Count 2 (aiding and abetting the use, carrying and brandishing of a firearm during a crime of violence) and Count 4 (conspiracy to use, carry and brandish a firearm

3

during a crime of violence), Jackson acknowledges it is undisputed that a firearm was obtained approximately one week prior to the bank robbery, that he was present when the firearm was obtained and that he handled the firearm. However, he states that the firearm's purpose was to protect Centeno from individuals in Muscatine and that he did not know Centeno was going to take the firearm to the robbery.

The Government's summary of the evidence tells a different story. It references several Facebook messages in which Jackson wrote he had obtained a .38 special revolver and was going to rob a bank. He also sent videos of himself with the revolver. On October 17, 2016, Jackson and Centeno traveled to Hopkinton. Jackson waited in the vehicle while Centeno went inside the Citizens State Bank and recorded the interior with his cell phone. On October 20, 2017, video from Wal-Mart shows Jackson, Centeno and Pauley in Wal-Mart purchasing pantyhose, stocking caps and zip ties, among other items. On the day of the robbery, video from a gas station in Monticello, Iowa, shows Centeno in the passenger seat of Jackson's vehicle. Moreover, the zip ties used by the second robber to secure a bank employee's hands contained Jackson's DNA. One of those zip ties had also been dropped by the second robber during the course of the robbery. The Government then points to exhibits suggesting that Jackson, Centeno and Pauley traveled to Yonkers, New York, where Centeno's mother lived. The revolver used in the robbery was found there. Finally, the Government references additional Facebook messages sent by Jackson after the robbery suggesting that he had been a participant.

With regard to Count 1 (armed bank robbery and aiding and abetting armed bank robbery), the Government was required to prove the following elements beyond a reasonable doubt:

- One, on or about October 21, 2016, the defendant, and others, took money that was in the care or custody of Citizens State Bank in Hopkinton, Iowa
- Two, the defendant took the money from another person or in the presence of another person

4

- Three, the defendant took the money by force, violence, or by intimidation
- Four, the defendant assaulted bank employees and the life of those bank employees, individually or together, in jeopardy by use of a dangerous weapon or device while taking the money
- Five, at the time that the money was taken, the deposits of Citizens State Bank were insured by the Federal Deposit Insurance Corporation (FDIC)

*See* Jury Inst. No. 5; *see also* Eighth Circuit Criminal Model Instruction No. 6.18.2113B. Aiding and abetting was described in a separate instruction and required:

- One, defendant knew that the crime charged was being committed or was going to be committed
- Two, defendant had enough advance knowledge of the extent and character of the crime that he was able to make the relevant choice to walk away from the crime before all of the elements were complete
- Three, defendant knowingly acted in some way for the purpose of causing, encouraging or aiding the commission of the crime charged

*See* Jury Inst. No. 8; *see also* Eighth Circuit Criminal Model Instruction No. 5.01. I find the Government presented sufficient evidence at trial for the jury to conclude each element of this offense was proven beyond a reasonable doubt.

With regard to Count 2 (aiding and abetting the use, carrying or brandishing of a firearm during a crime of violence), the Government was required to prove the following initial elements beyond a reasonable doubt:

- One, someone committed a robbery of the Citizens State Bank
- Two, during and in relation to the commission of that crime, someone knowingly used, carried or brandished a firearm.

*See* Jury Inst. No. 7; *see also* Eighth Circuit Criminal Model Instruction No. 6.18.924C. The Government was also required to prove the aiding and abetting elements set forth above. *See* Jury Inst. Nos. 7, 8. I find the Government presented sufficient evidence at

5

trial for the jury to conclude each element of this offense was proven beyond a reasonable doubt.

With regard to Count 3 (conspiracy to commit armed bank robbery), the Government was required to prove the following elements beyond a reasonable doubt:

- One, beginning on a date unknown, and continuing until on or about October 21, 2016, two or more persons reached an agreement or came to an understanding to commit armed bank robbery
- Two, defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect
- Three, at the time defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and
- Four, while the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more overt acts for the purpose of carrying out or carrying forward the agreement or understanding.

*See* Jury Inst. No. 9; *see also* Eighth Circuit Criminal Model Instruction No. 5.06A-2. I find the Government presented sufficient evidence at trial for the jury to conclude each element of this offense was proven beyond a reasonable doubt.

Finally, Count 4 (conspiracy to use, carry and brandish a firearm during a crime of violence) required the Government to prove beyond a reasonable doubt that:

- One, beginning on a date unknown, and continuing until on or about October 21, 2016, two or more persons reached an agreement or came to an understanding to use, carry and brandish a firearm during a crime of violence

- Two, defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect
- Three, at the time defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and
- Four, while the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more overt acts for the purpose of carrying out or carrying forward the agreement or understanding.

*See* Jury Inst. No. 10; *see also* Eighth Circuit Criminal Model Instruction No. 5.06A-2. I find the Government presented sufficient evidence at trial for the jury to conclude each element of this offense was proven beyond a reasonable doubt.

In short, the Government presented overwhelming evidence of Jackson's guilt as to each charge that was submitted to the jury. Having carefully considered Jackson's arguments, I find absolutely no basis to grant either a judgment of acquittal or new trial.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion (Doc. No.140) for judgment of acquittal and conditional motion for a new trial is **denied**.

**IT IS SO ORDERED.**

**DATED** this 6th day of November, 2017.

_____
Leonard T. Strand, Chief Judge